1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATRINSIC, INC., DBA NEW MOTION, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT WALKER, an individual, ED KURAS, an individual, NATIONAL DATA SERVICES, INC., a corporation; SMALL SCREEN, INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  SACV08-1202 JVS(CTx)<br><br>**ORDER FOR CONSENT DECREE AND FINAL JUDGMENT**<br><br>The Honorable James V. Selna |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949 705.3000

## I.   CASE BACKGROUND AND COURSE OF PROCEEDINGS

A.   Plaintiff Atrinsic, Inc. ("Atrinsic") filed a Complaint for Injunctive and Monetary Relief on October 28, 2008 in this matter.

B.   Atrinsic asserted various claims for monetary, equitable and injunctive relief against Defendants Scott Walker ("Walker"), Ed Kuras ("Kuras"), National Data Services, Inc. ("NDS") d/b/a Small Screen Ad Network ("SSI" and collectively as "Defendants"), in relation to their alleged misappropriation and use of Atrinsic's confidential and proprietary information to set up business entities to compete with Atrinsic and their alleged conduct in misrepresenting themselves as Atrinsic's agents for the purposes of diverting business from Atrinsic to alleged competing entities.

C.   Defendants, and each of them, deny any and all alleged wrongdoing.

D.   Evidence was submitted to Judge Selna in support of Atrinsic's Ex Parte Motion for Temporary Restraining Order.  The Court entered a temporary restraining order on October 29, 2008.

E.   The Parties have advised the Court of their desire to resolve this action according to the terms of a Confidential Settlement Agreement and this Consent Decree and Final Judgment.

ACCORDINGLY, with respect to the matters set forth in the Complaint, without adjudication of any issue of fact or law, and with the consent of the Parties per the simultaneously filed stipulation, IT IS HEREBY ADJUDGED, ORDERED and DECREED as follows:

## II.   JURISDICTION AND VENUE

A.   This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

B.   Jurisdiction and venue are appropriate here because Defendants Walker and Kuras are residents of the State of California, County of Orange and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

2.

1  Defendant NDS and NDS d/b/a SSI are corporations authorized to do business in

2  California with their principal places of business in Irvine, Orange County, California.

3  Acts occurring in the Complaint occurred within the jurisdiction and venue of this

4  Court.  Defendants also have consented to this Court's jurisdiction over them.

5  **III.    APPLICABILITY AND BINDING EFFECT**

6           A.    The benefits and obligations of this Consent Decree and Final

7  Judgment apply to and are binding upon Atrinsic, Defendants Walker, Kuras, NDS

8  and NDS d/b/a SSI, and each of their respective heirs, personal representatives,

9  successors or assigns.  If, at any time, any person(s) or entity(ies) ("Successor")

10  acquires all or substantially all of the assets or assumes all or substantially all of the

11  liabilities of NDS, NDS d/b/a SSI or Atrinsic in one or any series of transactions, then

12  the purchased company (whether it be NDS, NDS d/b/a SSI or Atrinsic) will assign

13  the entirety of this agreement to the Successor and also will provide a copy of this

14  Agreement, if it still is in force and effect, to any successor or assign.

15           B.    NDS and NDS d/b/a SSI shall provide a copy of this Consent

16  Decree and Final Judgment to all officers, supervisors, managers and agents whose

17  responsibilities might reasonably include ensuring compliance with any provision of

18  this Consent Decree and Final Judgment.

19  **IV.    INJUNCTIVE AND OTHER EQUITABLE RELIEF AGAINST WALKER.**

20           Based on the facts and circumstances of this case and in accordance with

21  the confidential settlement and stipulation reached between the parties, Defendant

22  Walker shall:

23           A.    Comply with all conditions, including those pertaining to the

24  payment of attorneys' fees and transfer of stock options, which are set forth in the

25  Confidential Settlement Agreement entered into between the parties hereto;

26           B.    Refrain from committing any acts of unfair competition and/or

27  utilizing or disclosing in any way the confidential, proprietary or trade secret

28  information obtained from Atrinsic;

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

3.

C.    While employed by Atrinsic, and for two years thereafter, refrain from calling upon, soliciting, diverting, or taking away, or attempting to solicit, divert, or take away, either directly or indirectly, any customers, subscribers or vendors of Atrinsic;

D.    While employed by Atrinsic, and for two years thereafter, refrain from soliciting any business from any account, customer, subscriber or vendor of Atrinsic, its parent, subsidiary and affiliated corporations and entities, their predecessors and successors and assigns and assignors, or helping others to solicit, contact or communicate withany of the accounts, vendors, customers or clients of Atrinsic;

E.    Refrain from disclosing to any third party any information relating to Atrinsic's subscribers, customers or vendors;

F.    Immediately return all Atrinsic Proprietary Information, Confidential Information, trade secrets and any and all other Atrinsic information taken in violation of Walker's Employment Agreement or Proprietary Information and Inventions Agreement, and refrain from violation of his agreements with Atrinsic;

G.    Immediately return to Atrinsic all of its property and information, including any Atrinsic electronic information or documents whatsoever;

H.    Allow Atrinsic's computer forensics expert to periodically inspect (with no greater frequency than every 2 months), preserve and make copies of any and all NDS or NDS d/b/a SSI electronic data possessed by Defendant Walker, including but not limited to all computers, hard drives, thumb drives, discs, or other instruments;

I.    Provide a full accounting of all revenue derived by Walker from doing business with any Atrinsic customer through any company owned in whole or in part by Walker, including NDS and NDS d/b/a SSI, from 2005 to the present;

J.    Provide to Atrinsic a written statement under oath detailing the chain of custody of all documents, data, files, data or other information (no matter the nature of media in which such information is stored or resides) in Defendant Walker's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

possession, custody or control that belongs to Atrinsic, its parent, subsidiary and affiliated corporations and entities, their predecessors and successors and assigns and assignors, and/or their customers, vendors and/or employees;

K.    Provide to Atrinsic a written statement under oath stating whether Defendant Walker, or anyone acting on his behalf or at his direction, has tampered with, deleted, destroyed, altered, disclosed to or shared with any third parties, any documents, data, files, data or other information or property (no matter the nature of media in which such information is stored or resides) in Defendant Walker's possession, custody or control that belongs to Atrinsic, its parent, subsidiary and affiliated corporations and entities, their predecessors and successors and assigns and assignors, and/or their customers, subscribers and/or vendors and employees, and, if so, who engaged in such acts, identify when such documents, data, files, data or other information or property were disclosed or shared and with whom;

As used herein, Atrinsic's Confidential Information and Trade Secrets means: Customer and client lists and information, vendor lists and information, subscriber lists and information, salary and other compensation information for all its employees, key customer contact information, information regarding contracts and pricing arrangements with clients and vendors, analysis and proposals to vendors and customers relating to potential new business, in-house plans and strategies, details of particular Atrinsic transactions and search algorithms and other search methodologies relating to Atrinsic's search engine optimization business.

L.    Defendant Walker is hereby ordered to immediately turn over to Atrinsic (or to counsel for Atrinsic) all documents and electronic information in his possession or that of his counsel relating in any way to Atrinsic that were obtained by Defendant Walker during his employment at Atrinsic.

M.    The provisions of Defendant Walker's Proprietary Information and Inventions Agreement remain in full force and effect.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

5.

1     **V.     INJUNCTIVE AND OTHER EQUITABLE RELIEF AGAINST KURAS.**

2            Based on the facts and circumstances of this case and in accordance with

3 the stipulation and confidential settlement reached between the parties, Defendant

4 Kuras shall:

5            A.     Comply with all conditions set forth in the Confidential Settlement

6 Agreement entered into between the parties hereto;

7            B.     Refrain from committing any acts of unfair competition and/or

8 utilizing or disclosing in any way the confidential, proprietary or trade secret

9 information obtained from Atrinsic, including, but not limited to, refrain from

10 representing himself as an agent or representative of Defendant Atrinsic;

11            C.     Notify, in writing, all customers and vendors with whom he has

12 done business at NDS and NDS d/b/a SSI that he is not an agent or representative of

13 Atrinsic and he does not have any authority to act on Atrinsic's behalf. Defendant

14 Kuras will provide Atrinsic with a copy of all written communications to each vendor

15 or customer of NDS or NDS d/b/a SSI to whom he sends such notification;

16            D.     For two years from the Effective Date of this Consent Decree and

17 Final Judgment, refrain from calling upon, soliciting, diverting, or taking away, or

18 attempting to solicit, divert, or take away, either directly or indirectly, any customers,

19 subscribers or vendors of Atrinsic;

20            E.     For two years from the Effective Date of this Consent Decree and

21 Final Judgment, refrain from soliciting any business from any account, customer,

22 subscriber or vendor of Atrinsic, its parent, subsidiary and affiliated corporations and

23 entities, their predecessors and successors and assigns and assignors, or helping others

24 to solicit contact or communicate with any of the accounts, vendors, customers or

25 clients of Atrinsic;

26            F.     Refrain from disclosing to any third party any information relating

27 to Atrinsic's subscribers, customers or vendors;

28            G.     Immediately return all Atrinsic Proprietary Information,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

6.

1   Confidential Information, trade secrets and any and all other Atrinsic property and

2   information, including any Atrinsic electronic information or documents whatsoever

3   which he received from Defendants Walker, NDS or NDS d/b/a SSI;

4      H. Immediately produce to Atrinsic any and all documents relating to

5   NDS d/b/a SSI and NDS and all electronic data relating to NDS and NDS d/b/a SSI

6   possessed by Defendant Kuras, including but not limited to any and all information

7   contained on all computers, hard drives, thumb drives, discs, or other instruments;

8      I. Provide a full accounting of all revenue derived by Kuras from

9   doing business with NDS and SSI, from 2005 to the present;

10      J. Provide to Atrinsic a written statement under oath detailing the

11   chain of custody of all documents, data, files, data or other information (no matter the

12   nature of media in which such information is stored or resides) in Defendant Kuras'

13   possession, custody or control that belongs to Atrinsic, its parent, subsidiary and

14   affiliated corporations and entities, their predecessors and successors and assigns and

15   assignors, and/or their customers, vendors and/or employees;

16      K. Provide to Atrinsic a written statement under oath stating whether

17   Defendant Kuras, or anyone acting on his behalf or at his direction, has tampered

18   with, deleted, destroyed, altered, disclosed to or shared with any third parties, any

19   documents, data, files, data or other information or property (no matter the nature of

20   media in which such information is stored or resides) in Defendant Kuras' possession,

21   custody or control that belongs to Atrinsic, its parent, subsidiary and affiliated

22   corporations and entities, their predecessors and successors and assigns and assignors,

23   and/or their customers, subscribers and/or vendors and employees, and, if so, who

24   engaged in such acts, identify when such documents, data, files, data or other

25   information or property were disclosed or shared and with whom;

26      As used herein, Atrinsic's Confidential Information and Trade Secrets

27   means: Customer and client lists and information, vendor lists and information,

28   subscriber lists and information, salary and other compensation information for all its

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

7.

1   employees, key customer contact information, information regarding contracts and

2   pricing arrangements with clients and vendors, analysis and proposals to vendors and

3   customers relating to potential new business, in-house plans and strategies, details of

4   particular Atrinsic transactions and search algorithms and other search methodologies

5   relating to Atrinsic's search engine optimization business.

6           L.    Defendant Kuras is hereby ordered to immediately turn over to

7   Atrinsic (or to counsel for Atrinsic) all documents in his possession or that of his

8   counsel relating in any way to Atrinsic that were obtained by Defendant Kuras from

9   any of the other Defendants.

10       **VI.    INJUNCTIVE AND OTHER EQUITABLE RELIEF AGAINST NDS AND SSI**

11          Based on the facts and circumstances of this case and in accordance with

12  the stipulation and confidential settlement reached between the parties, Defendant

13  NDS and NDS d/b/a SSI shall:

14          A.    Comply with all conditions set forth in the Confidential Settlement

15  Agreement entered into between the parties hereto;

16          B.    Refrain from committing any acts of unfair competition and/or

17  utilizing or disclosing in any way the confidential, proprietary or trade secret

18  information obtained from Atrinsic, including, but not limited to, refrain from

19  representing themselves as an agent or representative of Defendant Atrinsic;

20          C.    Notify, in writing, all customers and vendors with whom NDS and

21  NDS d/b/a SSI have done business that NDS and NDS d/b/a SSI are not agents,

22  representatives, partners or affiliates of Atrinsic and they do not have any authority to

23  act on Atrinsic's behalf.  Defendant NDS and NDS d/b/a SSI will provide Atrinsic

24  with a copy of all written communications to each vendor or customer of NDS or

25  NDS d/b/a SSI to whom they send such notification;

26          D.    Refrain from calling upon, soliciting, diverting, or taking away, or

27  attempting to solicit, divert, or take away, either directly or indirectly, any customers,

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

1   subscribers or vendors of Atrinsic;

2          E.     Refrain from soliciting any business from Atrinsic, its parent,

3   subsidiary and affiliated corporations and entities, their predecessors and successors

4   and assigns and assignors, or helping others to solicit contact or communicate with

5   any of the accounts, vendors, customers or clients of Atrinsic;

6          F.     Refrain from disclosing to any third party any information relating

7   to Atrinsic's subscribers, customers or vendors;

8          G.     Immediately return all Atrinsic Proprietary Information,

9   Confidential Information, trade secrets and any and all other Atrinsic property and

10  information, including any Atrinsic electronic information or documents whatsoever

11  which they received from any Defendants;

12         H.     Immediately produce to Atrinsic any and all documents relating to

13  NDS d/b/a SSI and NDS and all electronic data relating to NDS and NDS d/b/a SSI

14  possessed by Defendant NDS and NDS d/b/a SSI, including but not limited to any and

15  all information contained on all computers, hard drives, thumb drives, discs, or other

16  instruments;

17         I.     Allow Atrinsic's computer forensics expert to periodically inspect

18  (with no greater frequency than every 2 months), any and all electronic data possessed

19  by Defendant NDS and NDS d/b/a SSI, including but not limited to all computers,

20  hard drives, thumb drives, discs, or other instruments, and to delete, copy or otherwise

21  obtain any confidential and proprietary information of Atrinsic it locates in such

22  electronic form, if any;

23         J.     Provide a full accounting of all revenue derived by NDS and NDS

24  d/b/a SSI from 2005 to the present;

25         K.     Provide to Atrinsic a written statement under oath detailing the

26  chain of custody of all documents, data, files, data or other information (no matter the

27  nature of media in which such information is stored or resides) in Defendant NDS'

28  and SSI's Kuras' possession, custody or control that belongs to Atrinsic, its parent,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

9.

1   subsidiary and affiliated corporations and entities, their predecessors and successors

2   and assigns and assignors, and/or their customers, vendors and/or employees;

3          L.     Provide to Atrinsic a written statement under oath stating whether

4   Defendant NDS or NDS d/b/a SSI, or anyone acting on their behalf or at their

5   direction, has tampered with, deleted, destroyed, altered, disclosed to or shared with

6   any third parties, any documents, data, files, data or other information or property (no

7   matter the nature of media in which such information is stored or resides) in

8   Defendant NDS' and NDS d/b/a SSI's possession, custody or control that belongs to

9   Atrinsic, its parent, subsidiary and affiliated corporations and entities, their

10  predecessors and successors and assigns and assignors, and/or their customers,

11  subscribers and/or vendors and employees, and, if so, who engaged in such acts,

12  identify when such documents, data, files, data or other information or property were

13  disclosed or shared and with whom;

14         As used herein, Atrinsic's Confidential Information and Trade Secrets

15  means: Customer and client lists and information, vendor lists and information,

16  subscriber lists and information, salary and other compensation information for all its

17  employees, key customer contact information, information regarding contracts and

18  pricing arrangements with clients and vendors, analysis and proposals to vendors and

19  customers relating to potential new business, in-house plans and strategies, details of

20  particular Atrinsic transactions and search algorithms and other search methodologies

21  relating to Atrinsic's search engine optimization business.

22         M.     Defendant NDS and NDS d/b/a SSI are hereby ordered to

23  immediately turn over to Atrinsic (or to counsel for Atrinsic) all documents in its or

24  their possession relating in any way to Atrinsic that were obtained by Defendant NDS

25  or NDS d/b/a SSI from any of the other Defendants.

26         N.     Defendant NDS and NDS d/b/a SSI are to provide each of their

27  employees and agents with a copy of this Consent Decree and shall direct them to

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

comply with all of the terms of the Consent Decree which are applicable to Defendant NDS and NDS d/b/a SSI.

## VII. DISMISSAL, COSTS AND ATTORNEYS' FEES

A.     Pursuant to Fed. R. Civ. P. 41(a)(1) and subject to Paragraph IX of this Consent Decree and Final Judgment, the Parties have stipulated to the dismissal with prejudice of this action, including all claims that are encompassed therein, provided that the Court approve and enter the Consent Decree and Final Judgment as written herein.  Having approved the Parties' proposed Consent Decree and Final Judgment, it is hereby ordered that all claims alleged in this action, or that could have been alleged in this action, are dismissed with prejudice.

B.     The parties are to bear their own costs and attorneys' fees, except that the prevailing party shall be entitled to collect the reasonable costs (including attorneys' fees) incurred in any action to enforce the provisions of this Consent Decree and Final Judgment.

## VIII. EFFECTIVE DATE

A.     The Effective Date of this Consent Decree and Final Judgment shall be the date upon which this Consent Decree and Final Judgment is entered by the Court.

## IX. RETENTION OF JURISDICTION

A.     Judge Selna shall retain jurisdiction over this case for the purpose of resolving any disputes arising under this Consent Decree and Final Judgment or entering orders modifying the Consent Decree and Final Judgment or effectuating or enforcing compliance with the terms of the Consent Decree and Final Judgment.

## X. MODIFICATION

A.     This Consent Decree contains the entire agreement of the Parties regarding the injunctive relief sought and shall not be modified by any prior oral or written agreement, representation or understanding.  The terms of this Consent Decree

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

11.

1   may be modified only by a subsequent written agreement signed by all of the Parties

2   and approved by the Court.

3          **XI.   INTEGRATION**

4          A.     This Consent Decree constitutes the final, complete and exclusive

5   agreement and understanding among the Parties with respect to the settlement of the

6   injunctive relief claims embodied in the Decree and supersedes all prior agreements

7   and understandings, whether oral or written, concerning the settlement of the

8   injunctive relief claims as embodied herein.  Except for the Confidential Settlement

9   Agreement and General Release of All Claims and documents referenced therein, no

10   other document, nor any representation, inducement, agreement, understanding, or

11   promise, constitutes any part of this Consent Decree and Final Judgment or the

12   settlement it represents, nor shall it be used in construing the terms of this Consent

13   Decree and Final Judgment.

14         **XII.   COUNTERPARTS**

15         The Stipulation for Consent Decree and Final Judgment may be executed

16   in two or more counterparts, each of which shall be deemed to be an original, but all

17   of which together shall constitute one and the same instrument.

18         **XIII.  FINAL JUDGMENT**

19         A.     Upon approval and entry of this Consent Decree, this Consent

20   Decree shall constitute the final judgment in this action.

21   IT IS SO ORDERED.

22

23   DATED: _____

24

25                                    _____
                                      United States District Court Judge
26                                    James V. Selna

Firmwide:87412587.1 052797.1002

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

12.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California   92614. On November 12, 2008, I served the within document(s):

**ORDER FOR CONSENT DECREE AND FINAL JUDGMENT**

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

> Craig Scott, Esq.
> 1301 Dove Street
> Suite 1000
> Newport Beach, CA 92660
> Phone: (949) 222-0188
> Fax: (949) 533-8464
> Email: rcraigscott@execlaw.com

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

Firmwide:87213975.2 052797.1002

1    I am readily familiar with the firm's practice of collection and processing

2    correspondence for mailing and for shipping via overnight delivery service.  Under

3    that practice it would be deposited with the U.S. Postal Service or if an overnight

4    delivery service shipment, deposited in an overnight delivery service pick-up box or

5    office on the same day with postage or fees thereon fully prepaid in the ordinary

6    course of business.

7    I declare that I am employed in the office of a member of the bar of this

8    court at whose direction the service was made

9    I declare under penalty of perjury under the laws of the State of

10   California that the above is true and correct. Executed on November 12, 2008, at

11   Irvine, California.

12

13

14                                     Robin J. Warren

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

Firmwide:87213975.2 052797.1002                2.